UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTE GRIGGS,

        Plaintiff,                        Case No. 1:14-CV-0442

v.                                     HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL
SECURITY

        Defendant.
_____/

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Monte Griggs seeks review of the Commissioner's decision denying his claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. The Court has thoroughly reviewed the record and the filings by the Plaintiff and the Commissioner and, for the reasons stated below, concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision will be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human*

*Services*, 847 F.2d 301, 303 (6th Cir. 1998).  The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence.  *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance.  *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).  As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff Monte Griggs was born on August 27, 1965.  (A.R. 209). He was 45 years old at the time of his disability onset date of September 25, 2015. (*See* A.R. 209). Plaintiff completed

2

either the tenth or eleventh grade. (A.R. 76). Plaintiff is not currently employed, but previously worked as an injection mold machine tender and as an inspector. (A.R. 342). Plaintiff claims that he suffers from back problems and bad knees. (A.R. 276).

In the present action,[1] Plaintiff applied for benefits on September 30, 2010 for both SSI (A.R. 209–15) and DIB (A.R. 216–23). Both applications were denied on initial review on January 10, 2011 (A.R. 100–01). Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). On June 8, 2012, Plaintiff appeared with his counsel at a hearing before ALJ Nicholas Ohanesian, at which both Plaintiff and an impartial vocational expert testified. A supplemental hearing was held before ALJ Ohanesian on December 11, 2012, in which Plaintiff (still represented by counsel) and a different vocational expert testified.

After hearing testimony on the matter and reviewing the record, the ALJ issued an unfavorable decision on December 19, 2012. (A.R. 25–38). The ALJ noted that for DIB, Plaintiff's insured status expired on December 31, 2011 (A.R. 28); *see also*, 42 U.S.C. § 423(c)(1). The ALJ determined, however, that Plaintiff was not disabled for purposes of the Social Security Act because Plaintiff was able to perform other work. (A.R. 35–38). The Social Security Appeals Council declined to review the ALJ's determination on February 25, 2014.(A.R. 3). Plaintiff submitted new evidence to the Appeals Council, but on March 31, 2014, the Council notified Plaintiff that it saw no reason to reopen and change the ALJ's decision. (A.R. 1–2). Plaintiff thereafter commenced this civil action.

## ALJ'S DECISION

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity

---

[1] Plaintiff previously filed applications for both DIB and SSI, which resulted in unfavorable outcomes. (*See* A.R. 233, Defendant's Brief, pp. 1–2).

by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). To aid ALJs in applying the above standard, the Commissioner of Social Security has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five step sequential process" for claims of disability. First [a] plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, [a] plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if [a] plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, [a] plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, [a] plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that [the] plaintiff can perform, plaintiff is not disabled.

*Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted); *see also* 20 C.F.R. §§ 404.1520(a-f).

The plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

The ALJ determined that Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that Plaintiff had not engaged in substantial gainful activity since Plaintiff's onset date of September 25, 2010. Second, the ALJ determined that Plaintiff had the severe impairments of: sciatica, degenerative joint disease of the right knee, and osteoarthritis

4

in both knees (A.R. 30). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (A.R. 32).

With respect to Plaintiff's residual functional capacity (RFC), the ALJ determined that Plaintiff retained the capacity to perform a full range of sedentary work subject to the following limitations:

> Lifting up to 10 pounds occasionally; standing and walking two hours and sitting six hours in an eight-hour workday, with normal breaks; occasional pushing and pulling with the bilateral lower extremities; occasional climbing ramps and stairs; never climbing ladders, ropes, or scaffolds; and occasional balancing, stooping, kneeling, crouching, and crawling.

(A.R. 33). Noting that Plaintiff had previously filed a claim with the Commissioner and a lack of material changes in Plaintiff's condition, the ALJ cited *Drummond v. Commissioner of Social Security*, 126 F.3d 837, 841 (6th Cir. 1997), which applied the principle of *res judicata* to social security cases. Based on *Drummond*, the ALJ developed an RFC consistent with the RFC the ALJ developed in Plaintiff's prior claim for benefits. (See A.R. 34, 102–24). The ALJ also noted that Plaintiff could not perform any of his past relevant work. (A.R. 35).

At the fifth step, the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform given his limitations. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on the issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely

5

question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case in the instant matter.

In filling out an interrogatory, the vocational expert stated that there existed approximately 85,000 jobs nationally that a person with Plaintiff's residual functional capacity could perform, such limitations notwithstanding (A.R. 344). The vocational expert testified that this work included jobs as a production worker/assember, inspector, and machine operator/tender. (A.R. 37). This represents a significant number of jobs. *See Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000 (6th Cir. 1988).

Thus, following the five steps, the ALJ determined that Plaintiff was not disabled within the meaning of the Act.

## ANALYSIS

Plaintiff raises two issues on appeal to argue that the ALJ's decision was not supported by substantial evidence:

      1. The ALJ improperly assessed Plaintiff's credibility; and

      2. The Appeals Council improperly rejected the opinion of Plaintiff's medical care provider who is a physicians assistant.

(Pl.'s Brief at 4). The Court will address each issue in turn.

**1.**      **The ALJ's Decision that Plaintiff Was Not Entirely Credible is Supported by Substantial Evidence.**

When determining Plaintiff's RFC at step four, the ALJ considered, and ultimately discounted, Plaintiff's testimony regarding his subjective symptoms. At the administrative hearing, Plaintiff testified that he was impaired to an extent greater than the ALJ determined in his RFC findings. Specifically, Plaintiff testified that at least two or three times a day, he would need to lie

6

down for a period of forty-five minutes to one hour. (A.R. 55). At the supplemental hearing, the vocational expert testified that under that scenario, Plaintiff would not be able to perform the jobs the ALJ determined Plaintiff could perform (*See* A.R. 59–60). However, the ALJ found Plaintiff's testimony regarding his symptoms to be "not entirely credible," (A.R. 33) and accordingly discounted the weight given to Plaintiff's testimony. Plaintiff argues that the ALJ's decision on this matter is not supported by substantial evidence, and that the ALJ should have found a more restrictive RFC—one that would have led to a finding that Plaintiff was disabled at step five.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 F. App'x 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)); *Hash v. Comm'r of Soc. Sec.*, 309 F. App'x 981, 989 (6th 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted).

Accordingly, the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 8754 F.2d 1116, 1123 (6th Cir. 1989)). However,

7

where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 F. App'x. at 801 (*citing Walters*, 127 F.3d at 531). Hence, the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 F. App'x At 801 (citing *Walters*, 127 F.3d at 531); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) ("It is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony."). This Court may not reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ's finding that Plaintiff's subjective allegations were less than fully credible should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). As the Sixth Circuit has stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (citation omitted).

In support of his decision to discount Plaintiff's credibility in determining Plaintiff's RFC, the ALJ noted:

> The claimant has only recently resumed medical care, and in any event, has nothing new to report that was not discussed in the prior [claim for social security benefits]. In the supplemental hearing, the claimant testified once again to needing to elevate his legs and taking naps lasting from 45 minutes to an hour, two to three times a day. He also testified, however, that elevating his legs and taking naps has been the case since his alleged original injury date of June 6, 2006. Although he alleged a recent worsening in his knee and back impairments, the medical evidence reveals that his condition has not changed since his prior hearing.
>
> . . .
>
> The claimant's daily activities have included taking walks outside, riding in a motor vehicle, watching television, talking on the telephone, handling

>financial matters, and caring for his personal needs (Exhibit B5E). Such activities reflect an ability to do at least a limited range of sedentary work. Moreover, although the claimant has alleged having a decreased ability to sit, stand, and walk, he has reported that he can lift five to ten pounds (Exhibit B5E/6). The claimant presented no significant discomfort in sitting more than 30 minutes at the June 8, 2012 hearing session.

(A.R. 33–34). The ALJ's conclusions are supported by substantial evidence. As the ALJ noted, at the administrative hearing Plaintiff testified that while his back and knees have worsened, the need to lie down and elevate his leg dates back to Plaintiff's original injury in 2005 (A.R. 57-58).[2] In filling out a function report, Plaintiff stated that he was able to tend to his personal care, watch television, talk on the phone, ride in a car, and handle his finances (A.R. 307–10). The ALJ articulated legitimate reasons for discounting Plaintiff's credibility, and those reasons are supported by substantial evidence.

Plaintiff argues that the ALJ is bound to accept his testimony and that objective evidence is not required to establish the extent of his impairment. Plaintiff's claim lacks merit, as he cites no case law binding the ALJ to accept Plaintiff's testimony, and his argument is undermined by the regulation he cites: "statements about [his] pain or other symptoms will not *alone* establish that [he is] disabled." 20 C.F.R. § 404.1529(a) (emphasis added). Where, as here, the ALJ determines that the objective evidence fails to confirm the severity of the plaintiff's complaints, the ALJ is entitled to "weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 F. App'x at 801.

Plaintiff also alleges that the ALJ erred by citing Plaintiff's activities of daily living in support for his credibility determination. This is so, Plaintiff argues, because activities of daily

---

[2] The ALJ also relied on this observation, per *Drummond v. Commissioner of Social Security*, 126 F.3d 937 (6th Cir. 1997), to show a lack of a material change in adopting Plaintiff's RFC from the prior proceeding. *(*A.R. 34, 102–24).

9

living "can be stopped at will, [and] do not approach the stress of being on a job eight hours a day, five days a week." (Pl.'s Br. at 5.)  Plaintiff cites *Rogers v. Commissioner of Social Security*, 486 F.3d 234 (6th Cir. 2007), in support of his position that it is reversible error to discount a claimant's credibility based on the claimant's activities of daily living. But *Rogers* says no such thing.  In fact, *Rogers* confirmed that an ALJ may consider the claimant's daily activities in evaluating credibility. *Id.* at 247.  In short, it was not improper for the ALJ to consider Plaintiff's activities of daily living in determining Plaintiff's credibility.

Accordingly, substantial evidence supports the ALJ's credibility determination.

**2.       Plaintiff Has Not Shown Good Cause For Remand**

Plaintiff appears to argue that the Appeals Council should have reopened Plaintiff's case based on post-hearing opinion evidence that Plaintiff submitted from a physician assistant. However, this Court lacks authority to review the Appeals Council's decision to deny review. *See Porterfield v. Comm'r of Soc. Sec.*, No. 1:13-CV-318, 2014 WL 1329410, at *3 (W.D. Mich. Mar. 28, 2014) ("The scope of the court's review is defined by statute and does not encompass the Appeals Council's discretionary decision whether to grant review.").

When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988).  Under sentence-six, "[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g).  In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither

10

affirming, modifying, nor reversing the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* "The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006).

In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711. "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). To show good cause a claimant is required to detail the obstacles that prevented him from entering the evidence in a timely manner. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). "The mere fact that evidence was not in existence at the time of the ALJ's decision does not necessarily satisfy the 'good cause' requirement." *Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 725 (6th Cir. 2012).

Plaintiff's evidence consists of a letter from a physician assistant, along with some treatment notes, in which the physician assistant states:

> [Plaintiff] has been under my care since 11/1/2013. I don't believe that he is able to perform full-time sedentary work because of his medical condition. He requires frequent re-adjustment of his position, from sitting to standing to lying down.

(A.R. 12).

Plaintiff fails to show how this evidence, if considered by the ALJ, would have changed the decision of the Commissioner. Unlike a treating physician, a physician assistant's opinion is not

11

entitled to controlling weight. *See* 20 C.F.R. §§ 404.1513(a), (d)(1), 416.913(a), (d)(1). There is no treating physician assistant rule and the opinion of a physician assistant is not entitled to any particular weight. *See Geiner v. Astrue*, 298 F. App'x 105, 108 (2d Cir.2008). Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06–3p (reprinted at 2006 WL 2329939, at * 1 (SSA Aug. 9, 2006)). The opinions of a physician assistant fall within the category of information provided by "other sources." *Id.* at * 2; see 20 C.F.R. § 404.1513(d). The Social Security regulations require that information from other sources be "considered." *Id.* at *1, 4 (citing 20 C.F.R. § 404.1512). Here, even if the ALJ considered the physician assistant's opinion, there is no indication it would have changed the ALJ's opinion. In rejecting similar opinions, namely that of Plaintiff himself, the ALJ gave several reasons for discounting the opinion, including the lack of changes to Plaintiff's condition, Plaintiff's activities of daily living, Plaintiff's ability to lift ten pounds, and Plaintiff's appearance at the hearing. The Court has already determined that the ALJ had substantial evidence for making that decision, and accordingly finds that Plaintiff has not shown how the physician assistant's opinion would change the ALJ's calculus.

Finally, Plaintiff has not shown "good cause" to remand this case. Plaintiff states that he had only recently received health insurance allowing him to resume treatment, but as Plaintiff himself notes, treatment resumed in April 2012—two months before the June 2012 administrative hearing, and nearly a full seven months (not three months as Plaintiff states) before the ALJ's supplemental

hearing and ultimate decision. The Court thus finds that Plaintiff had ample time within which to obtain treatment and submit new information to the ALJ before he rendered his decision.

## CONCLUSION

For the reasons set forth above, the Commissioner's decision is **AFFIRMED**.  A separate order shall issue.


Dated:  September 30, 2015                                /s/ Gordon J. Quist
                                                       GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE